UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-60017-CR-SMITH/AUGUSTIN-BIRCH**

CASE NO. _____

18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)(A)

FILED BY ____MP____ D.C.

Jan 29, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

v.

**PETE ANDREW COHEN,**

      **Defendant.**
_____/

**INFORMATION**

The United States Attorney charges that:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

**The Paycheck Protection Program**

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2.    In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the

program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

5. The defendant, **PETE ANDREW COHEN**, was a resident of Broward County, Florida.

6. The defendant, **PETE ANDREW COHEN**, was the president of Taxez Taxez Taxez Inc. located in Broward County, Florida.

7. Borrower 1 was a small business located in Broward County, Florida.

8. Loan Processor A, based outside the State of Florida, was a financial technology company that processed PPP loan applications for small businesses in 2021.

## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations set forth in paragraphs 1 through 8 of this Information are realleged and incorporated by reference into this Count as though fully set forth herein.

2. From in or around June 2020, through in or around June 2021, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**PETE ANDREW COHEN,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## **PURPOSE OF THE SCHEME AND ARTIFICE**

3. It was the purpose of the scheme and artifice for the defendant to unjustly enrich himself by submitting false and fraudulent PPP loan applications on behalf of companies (including companies registered to others and to himself), while falsely certifying the companies' employee payroll amounts and number of employees, to obtain loans to which the companies were not entitled, and to receive a fee of approximately ten to thirty percent of the proceeds of the PPP loans paid to the companies registered to others.

3

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant, **PETE ANDREW COHEN**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

4. **PETE ANDREW COHEN** reached out to various small business owners, directly or indirectly, and offered to obtain PPP loans for them.

5. **PETE ANDREW COHEN** caused the preparation of false and fraudulent PPP loan applications that were submitted to various loan processors, including Loan Processor A, seeking over three million dollars in loans. **COHEN** prepared false and fraudulent PPP loan applications for companies registered in others' names and companies registered in his own name. In the loan applications, **COHEN** substantially and falsely inflated the number of employees and average payroll amounts of the small businesses. In addition, **COHEN** caused the submission of false and fraudulent Internal Revenue Service ("IRS") forms that falsely and fraudulently indicated that these small businesses had paid employee wages and taxes that the small businesses had not actually paid.

6. Once the loan proceeds had been paid, **PETE ANDREW COHEN** charged a fee from the small business owners on the PPP loans prepared for companies registered in others' names in amounts ranging from ten to thirty percent of the loan. **COHEN** received payment from the borrowers, typically by check.

## USE OF THE WIRES

7. On or about April 23, 2021, the defendant, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses,

4

representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, that is, a submission of a PPP loan application containing false and fraudulent representations from Broward County, Florida seeking approximately $144,495 for Borrower 1 via wire to Loan Processor A, outside the State of Florida, in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(2)(A))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **PETE ANDREW COHEN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in the sole count of this Information, the defendant, **PETE ANDREW COHEN**, shall forfeit to the United States any property constituting, or derived from proceeds the defendant obtained directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1).

_____ for:
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

PETE ANDREW COHEN,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
        Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami    ☐ Key West    ☐ FTP
☒ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)      (Check only one)
   I    ☒ 0 to 5 days      ☐ Petty
   II    ☐ 6 to 10 days      ☐ Minor
   III    ☐ 11 to 20 days      ☐ Misdemeanor
   IV    ☐ 21 to 60 days      ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Michael N. Berger
Assistant United States Attorney
Court ID No.    A5501557

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** PETE ANDREW COHEN

**Case No:** _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| PETE ANDREW COHEN, | ) **24-60017-CR-SMITH/AUGUSTIN-BIRCH** |
| | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*